Duane H. **HETTERLEY**, William E. Christensen, Sharon Edgerly, Howard W. Freeland, Jr., and Kirby Tye Pete, Plaintiffs,

v.

**LOUISIANA–PACIFIC CORPORATION,** an Oregon corporation, Defendant.

**Civil No. 97–930–FR.**

United States District Court, D. Oregon.

Jan. 28, 1998.

effect on June 25, 1981, and the plaintiffs' original complaints were filed on June 25, 1984).

Jon P. Stride, Karin L. Guenther, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, for Plaintiffs.

Brian T. Burton, Miller, Nash, Wiener, Hager & Carlsen L.L.P., Portland, OR, for Defendant.

## OPINION

FRYE, District Judge.

The matter before the court is the defendant's motion for summary judgment (# 6).

## FACTS

The defendant, Louisiana–Pacific Corporation (Louisiana–Pacific), arranged a sale of its Pilot Rock mill to Kinzua Resources L.L.C. (Kinzua). In connection with the sale of the Pilot Rock mill, Louisiana–Pacific decided to provide severance benefits to some of its salaried employees. The person responsible for administering the severance benefits program for salaried employees was James Beldin, who was the industrial relations manager for Louisiana–Pacific until early 1997.

On May 3, 1996, the plaintiffs and other employees of Louisiana–Pacific sent a written inquiry to the chief executive officer of Louisiana–Pacific, Mark Suwyn, seeking clarification as to the nature of the severance benefits program.

On June 21, 1996, James Beldin, on behalf of Louisiana–Pacific, sent a letter to its salaried employees, in which he stated:

> I know that many of you are concerned about the status of any severance you may qualify for.

> Our company will pay severance benefits to those salaried Pilot Rock employees who are not offered a position with Kinzua Resources L.L.C. or Pioneer Resources L.L.C. with the same or generally equivalent salary and benefits and the same or generally equivalent responsibilities they enjoyed with L–P prior to the sale.

> Louisiana–Pacific Corporation intends to give full and fair consideration of your status as soon as possible, but no later than thirty days after the Pilot Rock sale closes.

> You will be contacted by this office during that time. Best wishes with your new endeavors.

Exhibit A to Defendant's Concise Statement of Material Facts, p. 5.

In July of 1996, Louisiana–Pacific sold its Pilot Rock mill to Kinzua. As a part of the sale, Louisiana–Pacific terminated employees working at the Pilot Rock mill, including the plaintiffs. The plaintiffs did not receive severance pay from Louisiana–Pacific because they were not salaried employees.

James Beldin had authority in July of 1996 to make severance benefits available to salaried employees. Beldin testified in his deposition that there was no requirement that an employee make a written request for severance benefits in July of 1996 at the time of the sale of the Pilot Rock mill.

By letter dated February 6, 1997, Louisiana–Pacific sent plan participants of the severance benefits program a copy of the Summary Plan Description for the Severance Plan Program. The Severance Plan Program included the requirement that a written claim be made pursuant to the provisions of the Severance Plan Program and stated on the cover page that the Severance Plan Program is effective June 21, 1996.

The plaintiffs did not file a written claim pursuant to the Severance Plan Program.

The plaintiffs have filed this action against Louisiana–Pacific asserting three claims for relief as follows: 1) failure to pay wages under the wage claim statutes of the State of Oregon; 2) breach of contract; and 3) claims for benefits under the Employee Retirement Income Security Act (ERISA).

## CONTENTIONS OF THE PARTIES

On October 20, 1997, Louisiana–Pacific moved the court for summary judgment on all three of the plaintiffs' claims for relief. Louisiana–Pacific contends that the first and second claims for relief are preempted by ERISA. Louisiana–Pacific contends that the third claim for relief under ERISA should be dismissed because the plaintiffs have not filed claims or otherwise exhausted their administrative remedies under the Severance Plan Program.

The plaintiffs state in their response that they elect not to go forward on their first and second claims for relief. The plaintiffs contend that summary judgment should be denied as to their third claim for relief on the grounds that they have complied with all of the requirements to assert a severance claim at the time of their terminations. The plaintiffs contend that Louisiana–Pacific cannot erect new procedural barriers to severance benefits seven months after the plaintiffs' severance claims have been fully and finally denied and require the plaintiffs to exhaust these new procedures before asserting their rights in court.

## APPLICABLE LAW

Federal courts have the authority to enforce the exhaustion requirement in suits under ERISA. *Amato v. Bernard,* 618 F.2d 559, 568 (9th Cir.1980).

## RULING OF THE COURT

Defendant Louisiana–Pacific notified the plaintiffs by letter dated June 21, 1996 that "Louisiana–Pacific Corporation intends to give full and fair consideration of your status as soon as possible, but no later than thirty days after the Pilot Rock sale closes. You will be contacted by this office during that time." Exhibit A to Defendant's Concise Statement of Material Facts, p. 5. Louisiana–Pacific's employee, James Beldin, who was in charge of administering the severance program, testified in his deposition that in July of 1996, when the plaintiffs were terminated, there was no requirement that the employees file a written claim.

The plaintiffs are entitled to bring this action. Louisiana–Pacific did not add the requirement that a written claim be made until some seven months after the severance decisions were made. The plaintiffs have exhausted the administrative procedures that were in place at the time that Louisiana–Pacific made its decision not to grant the plaintiffs severance benefits.

## CONCLUSION

Louisiana–Pacific's motion for summary judgment (# 6) is GRANTED as to the first and second claims for relief and DENIED as to the third claim for relief.

## ORDER

IT IS HEREBY ORDERED that the defendant's motion for summary judgment (# 6) is GRANTED as to the first and second claims for relief and DENIED as to the third claim for relief.